**LS**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA



FILED
JUN 29 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

| | |
|---|---|
| JOHN PALY,<br><br>             Plaintiff,<br><br>    v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC, JOHN DOES 1-10 AND X,Y,Z CORPORATIONS,<br><br>             Defendants. | Civil Action No.<br><br><br>12   3710 |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, Defendants, Midland Credit Management, Inc. and Midland Funding, LLC (collectively "Midland"), by and through its counsel, Marshall, Dennehey, Warner, Coleman & Goggin, P.C., hereby removes the action entitled <u>John Paly v. Midland Credit Management, Inc., Midland Funding, LLC, John Does 1-10 and X,Y,Z, Corporations,</u> docket no. 2012 C 25, as filed in the Court of Common Pleas of Lehigh County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

1.    On or about May 22, 2012, Plaintiff, John Paly, filed the Action in the Court of Common Pleas of Lehigh County, Pennsylvania. A true and correct copy of Plaintiff's Complaint in the Action is attached hereto as Exhibit "A."

2.    Midland first received notice of the Action on or around May 31, 2012, when it was served with Plaintiff's Complaint via certified mail.

1

3.     Based on the foregoing, Midland has timely filed this Notice of Removal within thirty days of the filing of the Complaint, within thirty days of being served with the Complaint and within thirty days of the date that the Action was first removable.  See 28 U.S.C. § 1446(b).

4.     The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Midland pursuant to the provisions of 28 U.S.C. § 1441(b) in that Plaintiff has alleged that Midland violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., thereby asserting a claim that arises under federal law.

5.     In that the cause of action alleged by Plaintiff arises from the performance of obligations of the parties within Lehigh County, Pennsylvania, the United States District Court for the Eastern District of Pennsylvania should be assigned the Action.

6.     Pursuant to 28 U.S.C. § 1446(d), Midland will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania, will serve Plaintiff with copies of this Notice of Removal and will file the Notice of Removal in the Lehigh County Court of Common Pleas.

**WHEREFORE**, Defendants, Midland Credit Management, Inc. and Midland Funding, LLC, notify this Court that this cause of action is removed from the Court of Common Pleas of Lehigh County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. §§1331, and 1446.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.**

By:  _____

RONALD M. METCHO, ESQUIRE
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
(215) 575-2595 / (215) 575-0856 (f)
rmmetcho@mdwcg.com
Attorneys for Defendants
Midland Credit Management, Inc. and
Midland Funding, LLC

Dated:  June 29, 2012

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**JOHN PALY,**

     Plaintiff,

  **v.**

**MIDLAND CREDIT MANAGEMENT,
INC., MIDLAND FUNDING, LLC,
JOHN DOES 1-10 AND X,Y,Z
CORPORATIONS,**

     Defendants.

**Civil Action No.**

### CERTIFICATE OF SERVICE

   I, Ronald M. Metcho, Esquire, do hereby certify that a true and correct copy of Defendants, Midland Credit Management, Inc. and Midland Funding, LLC's, **Notice of Removal** was served upon the below-listed counsel of record by U.S. mail on June 29, 2012.

   Vicki Piontek, Esquire
   951 Allentown Road
   Lansdale, PA 19446
   Attorney for Plaintiff
   John Paly

        **MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN, P.C.**

By:   _____

        RONALD M. METCHO, ESQUIRE
        1845 Walnut Street, 17th Floor
        Philadelphia, PA 19103
        (215) 575-2595 / (215) 575-0856 (f)
        rmmetcho@mdwcg.com
        Attorneys for Defendants
        Midland Credit Management, Inc. and
        Midland Funding, LLC

Dated:  June 29, 2012

# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS
OF LEHIGH COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| John Paly | : | |
| 6185 Seanor Court | : | |
| Slatington, PA  18080 | : | 2012 C 25 |
| Plaintiff | : | |
| Vs. | : | |
| Midland Credit Management, Inc. | : | |
| 8875 Aero Drive, Suite 200 | : | |
| San Diego, California 92123 | : | |
| and | : | Jury Trial Demanded |
| Midland Funding, LLC | : | |
| 8875 Aero Drive Suite 200 | : | |
| San Diego, CA 92123 | : | |
| and | : | |
| John Does 1-10 | : | |
| and | : | |
| X,Y,Z Corporations | : | |
| Defendant(s) | : | |

## COMPLAINT

1.  This case arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.
    §1681 *et. seq*.

## PARTIES

2.  All previous paragraphs of this complaint are incorporated by reference and made a

    part of this complaint.

3.  Plaintiff John Paly is a "consumer" as defined by 15 U.S.C. § 1681a(c) et. seq.,

    whose principle residential address is 6185 Seanor Court, Slatington, PA  18080.

4.     Defendant(s) is / are the following persons and / or business entities.

a.  Midland Credit Management, Inc., a business entity with a principal address of 8875
    Aero Drive, Suite 200, San Diego, California 92123.

b.  Midland Funding, LLC, 8875 Aero Drive Suite 200, San Diego, CA 92123.

c.  Defendants may include John Does 1-10, persons whose names and identities are not
    known to Plaintiff at this time, or whose liability is not know, but which may become
    known to Plaintiff following discovery.  It is believed and averred that such Does played
    a substantial role in the commission of the acts described in this Complaint.

d.  Defendants may include X,Y,Z Corporations, business entities whose names and
    identities are not known to Plaintiff at this time, or whose liability is not know, but which
    may become known to Plaintiff following discovery.  It is believed and averred that such
    entities played a substantial role in the commission of the acts described in this
    Complaint.

## JURISDICTION

5.    The previous paragraphs of this Complaint are incorporated by reference and a
      made a part of this Complaint.

6.    All previous paragraphs of this complaint are incorporated by reference and made a
      part of this complaint.

7.    Venue is proper in this jurisdiction because Defendant(s) regularly transact(s)
      business throughout this jurisdiction.

8.    Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

9.    Plaintiff resides in this jurisdiction.

## COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT AND THE FAIR AND ACCURATE TRANSACTIONS ACT, 15 USC 1681 ET. SEQ.

10. The previous paragraphs of this Complaint are incorporated by reference and a made a part of this Complaint.

11. Within the applicable statute of limitations prior to the commencement of this action, Defendant(s) requested, obtained and used Plaintiff's consumer report from Transunion, a consumer reporting agency.

12. Defendant did not have a lawful purpose for requesting, obtaining and using plaintiff's consumer report from Transunion, and therefore Defendant's request, acquisition and use of plaintiff's consumer report was a violation of the FCRA.

13. The reason that Defendant(s) obtained Plaintiff's consumer report was not to collect on a particular alleged debt, but rather for the purpose of shopping for accounts for various consumers including but not limited to Plaintiff.

14. It is believed and averred that Defendant(s) has standard business practices of pulling multiple consumer reports from various individuals with whom Defendant(s) has / have no direct business relationship.

15.   Instead, the accounts belong with the original creditor at the time that
      Defendant(s) pull such consumer reports.

16.   Defendant(s) pulled Plaintiff's consumer report from Transunion for the
      purpose of deciding whether to buy the account .

17.   Defendant(s) regularly and in Plaintiff's case pull multiple consumer reports
      knowing that Defendant(s) will only buy a fraction of such accounts, and that
      many of the reports pulled belong to individuals with whom Defendant(s) does
      not have nor ever will have a direct business relationship.

18.   In order to be entitled to access Plaintiff's consumer report under the
      "legitimate business needs" provision o FCRA, there must be a direct
      consumer relationship between the party requesting the report and the person
      to whom the report pertains, or the party who pulled the report would have to
      have represented the creditor at the time that the report was pulled.  See Bakker
      v. McKinnon(1998), 152 F3d 1007.

19.   Defendant did not have a direct business relationship with the Plaintiff at the
      time that Defendant pulled Plaintiff's consumer report.

20.     Defendant was not acting as an agent of the original alleged creditor at the time that Defendant(s) pulled Plaintiff's consumer report.

21.     Defendant(s) was not acting as an agent of any other party that had a direct business relationship with Plaintiff at the time that Defendant obtained Plaintiff's consumer report.

22.     Under *15 USCS § 1681b(3)(E)*, information on particular consumer may only be provided to third party who requires it in connection with specific transaction between that party and that particular consumer. *Greenway v Information Dynamics, Ltd. (1974, DC Ariz) 399 F Supp 1092,* affd (1975, CA9 Ariz) *524 F2d 1145,* cert dismd *(1976) 424 US 936, 47 L Ed 2d 344, 96 S Ct 1153* and (criticized in *Washington v CSC Credit Servs. (2000, CA5 La) 199 F3d 263, 45 FR Serv 3d 689).*

23.     The Provision in *15 USCS § 1681b(3)(E)* refers only to those transactions in which there is consumer relationship between requesting party and subject of report, or in which subject was seeking some benefit mentioned in Consumer Credit Protection Act (credit, insurance, employment, licensing). *Henry v Forbes (1976, DC Minn) 433 F Supp 5* (criticized in *Johnson v Wells Fargo Home Mortg., Inc. (2008, DC Nev) 558 F Supp 2d 1114).*

24.   In Plaintiff's case, there was no direct business relationship between Plaintiff
      and Defendant at the time that the consumer report was obtained by
      Defendant(s)because Defendant never acquired Plaintiff's account, nor was
      Defendant(s) acting as an agent of the original alleged creditor at the time that
      the consumer report was obtained.

25.   Defendant(s) negligently violated the FCRA by obtaining a consumer report on
      plaintiff without having a permissible purpose within 15 USC § 1681b.

26.   Defendant(s) willfully violated the FCRA by obtaining a consumer report on
      plaintiff without having a permissible purpose within 15 USC § 1681b.

## DAMAGES

27.    The previous paragraphs of this Complaint are incorporated by reference and a made a part of this Complaint.

28.    Plaintiff seeks statutory damages for said Defendant's willful violations of the FCRA pursuant to 15 USC § 1681n(a)(1)(A) and 1681n(a)(1)(B).

29.    Additionally, Plaintiff seeks punitive damages against Defendant pursuant to 15 USC § 1681n(a)(2).

30.    For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $5,000.00.

## ATTORNEY FEES

31.    The previous paragraphs of this Complaint are incorporated by reference and a
       made a part of this Complaint.

32.    Plaintiff requests attorney fees in the amount of $2,100.00 pursuant to 15 USC
       §§ 1681n(c) and 1681o(b).

33.    Plaintiff believes and avers that Plaintiff is entitled to attorney at a reasonable
       rate of $350.00 per hour.

34.    Plaintiff believes and avers that such attorney fees should be enumerated as
       follows.

|   |   |   |
|---|---|---|
| a. | Consultation with client | 1 |
| b. | Legal research | 1 |
| c. | Drafting, editing, review, filing and serving of complaint and related documents | 2 |
| d. | Follow up contact with Defense | 2 |

6 x $350 = $2,100

35.    Such attorney fees include time spent to date prosecuting this action as well as
       reasonable follow up.

IN THE COURT OF COMMON PLEAS
OF LEHIGH COUNTY, PENNSYLVANIA

| | | | |
|---|---|---|---|
| John Paly | | : | |
| 6185 Seanor Court | | : | |
| Slatington, PA 18080 | | : | |
| Vs. | Plaintiff | : | 2012 C 25 |
| Midland Credit Management, Inc. | | : | |
| 8875 Aero Drive, Suite 200 | | : | |
| San Diego, California 92123 | | : | |
| and | | : | Jury Trial Demanded |
| Midland Funding, LLC | | : | |
| 8875 Aero Drive Suite 200 | | : | |
| San Diego, CA 92123 | | : | |
| and | | : | |
| John Does 1-10 | | : | |
| and | | : | |
| X,Y,Z Corporations | | : | |
| | Defendant(s) | : | |

## VERIFICATION

I, John Paly, affirm that the statements contained in the attached complaint are true and accurate
to the best of my knowledge, understanding and belief.

_____    5-8-12
John Paly                 Date